# 24-2504

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

IN RE: KWOK

*Debtor,*

MEI GUO,

*Counter-Defendant-Appellant,*

HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC,

*Plaintiff-Counter-Defendant-Appellant,*

(*Caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

---

**REPLY BRIEF FOR COUNTER-DEFENDANT-APPELLANT, MEI GUO,
AND PLAINTIFF-COUNTER-DEFENDANT-APPELLANT,
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC**

---

STEPHEN M. KINDSETH
JAMES M. MORIARTY
DANIEL A. BYRD
ZEISLER & ZEISLER, P.C.
10 Middle Street 15th Floor
Bridgeport, Connecticut 06604
(203) 368-4234

*Attorneys for Counter-Defendant-
Appellant and Plaintiff-Counter-
Defendant-Appellant*

—against—

Luc A. Despins, Chapter 11 Trustee,

*Defendant-Counter-Claimant-Appellee,*

United States Trustee,

*Trustee.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ..................................................................................................... 1

    I.    As to the Second Counterclaim, the Trustee Did Not Establish the Absence of a Genuine Issue of Material Fact. ............................................... 1

    II.   The Trustee Did Not Establish That Sole Ownership Was Necessary to the Contempt Order, or That the HK Parties Were in Privity with the Individual Debtor. ................................................................................ 8

    III.  This Court Should Consider the Trustee's Standing and Conclude That He Lacks Standing Under Both Bankruptcy Code § 544(a) and § 541(a). .......................................................................................... 11

CONCLUSION ............................................................................................... 18

i

# TABLE OF AUTHORITIES

## Cases

*Baillie Lumber Co. v. Thompson*,
  391 F.3d 1315 (11th Cir. 2004)................................................................ 16, 17

*Bear, Stearns & Co. v. 1109580 Ont., Inc.*,
  409 F.3d 87 (2d Cir. 2005)..............................................................................2

*Buechel v. Bain*,
  97 N.Y.2d 295 (2001) ...................................................................................10

*Conn. Citizens Def., League, Inc. v. Thody*,
  No. 23-724, 2024 U.S. App. LEXIS 1056 (2d Cir. Jan. 17, 2024).......................13

*Gordon v. Harman (In re Harman)*,
  520 B.R. 906 (Bankr. N.D. Ga. 2014) .............................................................14

*Gordon v. Harman (In re Harman)*,
  529 B.R. 352 (Bankr. N.D. Ga. 2015) .............................................................16

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2d Cir. 1995)...........................................................................16

*HK Int'l Funds Investment (USA) Ltd., LLC v. Despins (In re Kwok)*,
  Adv. P. No. 22-05003(JAM), 2023 Bankr. LEXIS 1024
  (Bankr. D. Conn. Apr. 14, 2023).........................................11, 12, 13, 17

*Interoceanica Corp. v. Sound Pilots, Inc.*,
  107 F.3d 86 (2d Cir. 1997)..............................................................................2

*Mahler v. Campagna*,
  60 A.D.3d 1009, 876 N.Y.S.2d 143 (2d Dept 2009) .............................................8

*Manichaean Capital, LLC v. Exela Techs., Inc.*,
  251 A.3d 694 (Del. Ch. 2021) ......................................................................3, 4

*Matter of Kleinknecht v Siino*,
  165 A.D.3d 936, 86 N.Y.S.3d 577 (2d Dept 2018) .............................................8

*Matter of Morris v. N.Y. State Dept. of Tax'n & Fin.*,
  82 N.Y.2d 135, 623 N.E.2d 1157 (1993)..........................................................14

*Palin v. N.Y. Times Co.*,
  113 F.4th 245 (2d Cir. 2024)..........................................................................13

*Pollicino v. Roemer & Featherstonhaugh P.C.*,
  277 A.D.2d 666, N.Y.S.2d 416 (3d Dept 2000) ..................................................8

*Shearson Lehman Hutton, Inc. v. Wagoner*,
  944 F.2d 114 (2d Cir. 1991)........................................................... 16, 17

*Sniado v. Bank. Aus. Ag*,
  378 F.3d 210 (2d Cir. 2004)...........................................................................11

*Stadtmaurer v. Tulis (In re Nordlicht)*,
  115 F.4th 90 (2d Cir. 2024)................................................... 14, 15, 17

*Stokes v. Stokes*,
    172 N.Y. 327 (1902) ...................................................................................8
*United States v. Omotayo*,
    No. 22-1035, 2025 U.S. App. LEXIS 6502 (2d Cir. Mar. 20, 2025) ...................11

**Statutes**

11 U.S.C. § 1108 .........................................................................................10
11 U.S.C. § 362 ...........................................................................................10
11 U.S.C. § 541 .................................................... 10, 11, 12, 13, 14, 15, 16, 17, 18
11 U.S.C. § 544 .........................................................................11, 12, 13, 14, 18
6 Del. Code § 18-402 ...................................................................................5

**Other Authorities**

Restatement (Second) Judgments § 27 (1982) .........................................................8

iii

**ARGUMENT**

## I.     As to the Second Counterclaim, the Trustee Did Not Establish the Absence of a Genuine Issue of Material Fact.

Effectively conceding that the record below failed to establish the absence of a genuine issue of material fact, in his brief, the Trustee desperately and repeatedly makes inaccurate statements not supported by the record he cites and relies upon matters not in the record altogether. The Trustee also asks this Court to draw inferences or weigh evidence in his favor and against the non-movants, the HK Parties. None of this is appropriate. Considering the actual record below and applying the applicable legal standards, the conclusion is apparent: the multi-factored fact-intensive and equity-balancing alter ego determination sought by the Trustee's Second Counterclaim presents numerous genuine issues of material fact. The HK Parties are entitled to a trial on the merits so they may have the credibility of their witnesses determined and the weight of their evidence evaluated by a trier of fact.

The Trustee's deviation commences with the very first sentence of his brief. The Trustee references (without citation) the Individual Debtor's recent criminal conviction in a transparent attempt to prejudice this Court against the Individual Debtor's daughter and her company, who are the appellants in this appeal. Appellee's Br., at 1. Perhaps the most pervasive violation in this regard is the Trustee's repeated assertion as an established fact the following contested material issue: whether the

1

Individual Debtor used numerous shell companies to hold title to assets that he beneficially owned. *Id*. at 1-2, 4, 7, 10, 13, 13 n.2, 38, 47, & 63. The Trustee did not establish, and the bankruptcy court did not find this contention to be an undisputed fact. SA-047-52. The Trustee goes so far as to rely upon a default judgment that entered in a separate adversary proceeding against an alleged alter ego of the Individual Debtor, which had not been relied upon by the bankruptcy court. Appellee's Br., at 13 n.2. The cited decision entered after the summary judgment decision at issue here. Even if the default judgment had entered prior, the Trustee could not have relied upon it to establish that fact (collateral estoppel requires, *inter alia*, "the issue was actually litigated" and that "the party had a full and fair opportunity to litigate the issues"). *See Bear, Stearns & Co. v. 1109580 Ont., Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)).

While the bankruptcy court concluded that "the Trustee has established that HK USA's only business purpose is nominal ownership, operation, and maintenance of assets the Individual Debtor beneficially owns and control," it reached this conclusion by adopting its First Summary Judgment Order which relied exclusively on collateral estoppel based upon the Contempt Order entered in the New York Action. The HK Parties challenge this holding in this appeal. In his brief, the Trustee inaccurately states that the bankruptcy court granted summary judgment as to the

Second Counterclaim "*independent of the First SJ Order*." Appellee's Br., at 41 (emphasis in original); *see also id*. at 24, 27 & 32. Contrary to the Trustee's representation, the bankruptcy court entered summary judgment as to the Second Counterclaim relying extensively upon its prior determination in the First Summary Judgment Order based on collateral estoppel that the Individual Debtor beneficially owned and controlled the Lady May and Lady May II. A. at SA-060 (rejecting Guo's evidence of control because "the Court has concluded that [the Lady May] was under the Individual Debtor's control"); SA-060-61 ("which business has already been established in this Court to be the individual Debtor's business"); SA-061 (in applying the fraud factor: "HK USA is held in the name of Ms. Guo, a relative of the person who beneficially owns and controls these assets – the Individual Debtor"); SA-065 (in applying the legitimate expectations factor: "[t]he Court has concluded that the Individual Debtor beneficially owns and controls the Lady May and Lady May II"); SA-066 (in applying the public interest factor: "HK USA only serves to shield assets beneficially owned and controlled by the Individual Debtor from the Individual Debtor's creditors").

The Trustee states that, "[w]here reverse veil-piercing is at issue, courts *may* consider various additional facts as set forth in *Manichaean Capital, LLC v. Exela Techs., Inc.*, 251 A.3d 694 (Del. Ch. 2021) ("*Manichaean*")." Appellee's Br., at 42. (emphasis added). In contrast, *Manichaean* established a framework for reverse veil

3

piercing claims that was not expressed as optional. It decided "whether and to what extent courts of Delaware should allow so-called reverse veil-piercing," which it characterized as an issue "of first impression." *Id*. at 710. *Manichaean* then sets forth the extensive framework necessary to establish a reverse veil-piercing claim "in limited circumstances and in circumscribed execution." *Id*. at 710, 714-15. After identifying the "traditional factors Delaware courts consider when reviewing a traditional veil-piercing claim" as the "natural starting place," *Manichaean* then explains that "[t]he court *should* then ask whether the owner is utilizing the corporate form to perpetuate a fraud or other injustice." *Id*. at 714-15 (emphasis added). "This inquiry *should* focus on additional factors, including" the eight factors which *Manichaean* then identified. *Id*. at 715 (emphasis added). "The framework outlined here to evaluate reverse veil-piercing claims comes with an express recognition that such claim, if not guided by appropriate standards, can threaten innocent third-party creditors and shareholders and lead to a host of unpredictable outcomes for these constituencies." *Id*. at 714. The Trustee's representation of the *Manichaean* framework as optional is inaccurate (at best).

Contrary to the Trustee's argument and the district court's holding, *see* Appellee's Br., at 42-44, in establishing the framework for reverse veil-piercing, *Manichaean* clearly and consistently limited it to imposing the liability of an owner upon the owned entity itself. 251 A.3d at 710, 714-15. The numerous issues raised

by *Manichaean* with respect to reverse veil-piercing—between the legitimate interests of the owners, creditors and other parties with a stake in the entity—apply even more greatly when considering imposing the liability of a non-owner upon an entity. *Manichaean* did not extend its reverse veil-piercing framework to this situation and neither has any other Delaware court. The cases cited by the Trustee are not applicable because they do not involve reverse veil-piercing. Appellee's Br., at 43-44.

When the Trustee actually focuses on the record below, he simply regurgitates the same reliance upon inferences drawn from otherwise innocuous facts and evidence weighed against the non-movants as engaged in by the bankruptcy court. For example, HK USA being a single purpose entity to own the Lady May and Lady May II without any business operations, income, bank account or employees proves nothing. There is also nothing inherently nefarious about HK USA being a limited liability company under Delaware law with a member but no directors or officers.[1]

---

[1] *See* 6 Del. Code § 18-402 ("Unless otherwise provided in the limited liability company agreement, the management of the limited liability company shall be vested in its members…."); *see also* JA-0771 (Limited Liability Company Agreement of HK International Funds Investments (USA) Limited, LLC ¶ 5, providing that the "Member shall have exclusive and complete authority and discretion to manage the operations and affairs of the Company and to make all decision regarding the business of the Company," and may "from time to time, designate one or more officers with such titles as may be designated by the Member to act in the name of the Company with such authority as may be delegated to such officers by the Member.").

*See* Appellee's Br., at 44-45. All of this proves nothing more. It is only because the bankruptcy court drew adverse inferences from these harmless facts against the non-movants that they mattered. The HK Parties fully addressed these errors in their brief. Appellants' Br., at 44-45.

However, certain assertions made by the Trustee in his brief require correction or clarification. In opposition to partial summary judgment on the Second Counterclaim, the HK Parties submitted Guo's prior affidavit and testimony further evidencing her ownership—originally through HK International Funds Investments Ltd. ("HK Int'l.") and then through HK USA—of the Lady May. JA-1030-31; *see also* JA-0522, at 45:18-19; JA-0557 – JA-0560, at ¶¶ 8-11. The Trustee claims that this evidence "was refuted" by her prior testimony that "her brother was not involved in the transfers leading to her supposed acquisition of the Lady May." Appellant's Br., at 48 (citing JA-0522, at 46-47). But her prior testimony refers to the transfer of HK Int'l. to Guo, and the transfer of the Lady May from HK Int'l. to HK USA, not the original purchase of the Lady May which he bought for his sister. JA-0521, at 42:8 – JA-0522, at 47:20. More significantly, the bankruptcy court simply made the credibility determination not to believe Guo's affidavit and testimony. The bankruptcy court inappropriately weighed the evidence and drew inferences against the non-movants, the HK Parties, to reach its factual determination.

6

Similarly, Guo did not know that HK USA also owned the Lady May II, a vessel used to service the Lady May. JA-0528, at 71-72. Guo believed, as she testified to under oath, that her brother owned it. JA-0528, at 72. The Trustee then argues from this that, "[c]learly, Ms. Guo did not own HK USA if she was not even aware of its ownership of a second yacht." Appellant's Br., at 49. The Trustee's proposed factual conclusion does not necessarily follow from the predicate fact. The predicate fact conceivably supports several theoretical inferences, such as perhaps Guo's brother is the beneficial owner of the Lady May II. But the Trustee is asking this Court to draw a specific inference against Guo from her ignorance: that she does not own HK USA. This is entirely inappropriate when considering whether summary judgment should have entered.

Apparently incapable of arguing the absence of any genuine issue as to certain material facts, the Trustee resorts instead to defending the bankruptcy court's factual determinations using phrases such as "supports the conclusion," "difficult to conceive," "support the inference," "correctly observed," "properly determined," and "ample support existed." Appellee's Br., at 49-50, 52-55. These arguments would be appropriate on appeal after a trial on the merits with respect to factual determinations made by the trier of fact and subject to a clearly erroneous standard. They are not appropriate on appeal of summary judgment when the issue presented is whether there exists a genuine issue of material fact. For the reasons set forth in

7

HK Parties' brief, each of these contentions raise genuine issues of material fact. Appellants' Br. at 48-49 (contribution of Lady May to Individual Debtor's plan of reorganization), 50-51 (ownership of HK USA and the Lady May and Lady May II), 51-56 (legitimate expectations), 56-57 (public convenience).

## II. The Trustee Did Not Establish That Sole Ownership Was Necessary to the Contempt Order, or That the HK Parties Were in Privity with the Individual Debtor.

The Trustee does not even attempt to explain how the Individual Debtor's sole ownership of the Lady May was essential to holding him in contempt. Appellee's Br., at 56-61. Collateral estoppel only bars the re-litigation of an issue that "has necessarily been decided" in the prior action. *Mahler v. Campagna*, 60 A.D.3d 1009, 1011, 876 N.Y.S.2d 143 (2d Dept 2009) (citations and internal quotation marks omitted). To be preclusive, the issue must be "essential to the decision rendered therein." *Matter of Kleinknecht v Siino*, 165 A.D.3d 936, 939, 86 N.Y.S.3d 577 (2d Dept 2018) (citations and internal quotation marks omitted); *see also* Restatement (Second) Judgments § 27 (1982) ("essential to the judgment"). "Language that is not necessary to resolve an issue, however, constitutes dicta and should not be accorded preclusive effect." *Pollicino v. Roemer & Featherstonhaugh P.C.*, 277 A.D.2d 666, 668, N.Y.S.2d 416 (3d Dept 2000) (citing *Stokes v. Stokes*, 172 N.Y. 327, 341 (1902)).

8

The Contempt Order could not have made clearer the precise issue that was essential to its contempt finding. The N.Y. Supreme Court expressly recognized that "a beneficial interest is sufficient." JA-0553 (citation omitted). The N.Y. Supreme Court articulated its holding as follows: "[t]he evidence clearly and convincingly demonstrates that [the Individual Debtor] holds a beneficial interest in and controls the Lady May." JA-0554. Finding that the Individual Debtor solely owned the Lady May was not essential to holding him in contempt. The Appellate Division's remand in the New York Action directing the lower court "to proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht," SA-089, did not mandate a determination as to "sole ownership," only the "dispute as to ownership," and the N.Y. Supreme Court clearly understood and specified the dispute to be resolved. Sole ownership was not necessarily decided and cannot, therefore, be preclusive in a subsequent adversary proceeding.

While the Trustee endeavored to establish how the Individual Debtor's and HK Parties' interests were aligned in the contempt hearing, Appellee's Br., at 61-67, the Individual Debtor's invocation of the Fifth Amendment and refusal to testify placed his personal interest in not compromising his criminal defense in direct conflict with and undermined the HK Parties' interest in establishing their ownership interest in the Lady May. Based on the invocation of the Fifth Amendment and the

missing witness rule, the N.Y. Supreme Court concluded that "PAX is entitled to an adverse interest under both of these avenues." JA-0554.

The Individual Debtor's adversity to the HK Parties' interests is also made evident by the fact that he filed bankruptcy in a further attempt to avoid incarceration. JA-0555 (Contempt Order provided that: "Kwok must remit $134,000,000.00 to PAX within five business days of the service of this Court's Order with Notice of Entry. The Court is prepared to exercise its full authority under Judiciary Law § 753 in the event the fine is not timely paid."). The bankruptcy filing resulted in the automatic stay preventing further litigation of the New York Action. *See* 11 U.S.C. § 362(a). The HK Parties had no ability to appeal the Contempt Order as they were not parties and the Individual Debtor's bankruptcy prevented the appellate review of the Contempt Order. The Trustee's appointment effectively ensured that there would never be any appellate review of the Contempt Order since the Trustee stepped into the shoes of the Individual Debtor, *see* 11 U.S.C. §§ 541 & 1108, and the Trustee certainly would never seek to reverse the very order he relies upon to preclude the HK Parties from establishing HK USA's ownership of the Lady May, and Guo's ownership of HK USA.

The relationship between the Individual Debtor and the HK Parties at the Contempt Hearing do not justify preclusion. It would not be "fair under the particular circumstances," *see Buechel v. Bain*, 97 N.Y.2d 295, 304-05 (2001), to use the

10

Contempt Order entered against the Individual Debtor—who chose not to testify—to preclude the HK Parties from litigating HK USA's ownership of the Lady May and Guo's ownership of HK USA which resulted in the entire loss of the Lady May and the $37 million borrowed by HK USA to secure the Lady May's return (which HK USA timely accomplished). This is exactly what has been ordered below.

**III. This Court Should Consider the Trustee's Standing and Conclude That He Lacks Standing Under Both Bankruptcy Code § 544(a) and § 541(a).**

The HK Parties respectfully submit that this Court should consider and decide the merits of whether the Trustee has standing to assert a cause of action based on reverse veil-piercing. The argument presents a question of law and there is no need for additional fact-finding. Therefore, this Court has discretion to consider the argument. *See United States v. Omotayo*, No. 22-1035, 2025 U.S. App. LEXIS 6502, at *28 n.6 (2d Cir. Mar. 20, 2025) (citing *Sniado v. Bank. Aus. Ag*, 378 F.3d 210, 213 (2d Cir. 2004)).

The HK Parties argued to the bankruptcy court that the Trustee lacked standing under both Bankruptcy Code § 541(a) (causes of action held by debtor constitute property of the estate) and § 544(a) (strong arm statute confers on trustee certain rights of creditors) in connection with their motion to dismiss. *HK Int'l Funds Investment (USA) Ltd., LLC v. Despins (In re Kwok)*, Adv. P. No. 22-05003(JAM), 2023 Bankr. LEXIS 1024, at *7-26 (Bankr. D. Conn. Apr. 14, 2023) ("*HK (USA)*").

11

With respect to the Second Counterclaim (the cause of action at issue here), the bankruptcy court held that the Trustee had standing to assert an alter ego cause of action under Delaware law pursuant to Bankruptcy Code § 544(a). *Id*. at *7-19. The bankruptcy court then incorporated this holding into its summary judgment decision. SA-047.

Apparently recognizing the bankruptcy court's error in relying upon Bankruptcy Code § 544(a), the district court held that the Trustee possessed standing pursuant to Bankruptcy Code § 541(a). SA-084-85. The Trustee surmises that this was "inadvertent." Appellee's Br., at 30. The Trustee's supposition is unjustified. The district court specifically recognized that "the situation presented was one of insider veil-piercing." SA-085. After quoting the definitions of insider and outsider veil-piercing, the district court correctly stated that, "[i]nsider veil piercing has not yet been endorsed by Delaware courts." SA-085. The district court would only have made these points if it fully understood that an insider reverse veil-piercing claim would be brought as property of the estate pursuant to Bankruptcy Code § 541(a) by a trustee standing in the shoes of the debtor (and, therefore, an "insider" rather than an "outsider"). In their briefs, all parties have fully addressed these issues. Appellants' Br., at 26-40; Appellee's Br., at 36-40. These circumstances support this Court's consideration of the standing issue presented. *See Conn. Citizens Def., League, Inc. v. Thody*, No. 23-724, 2024 U.S. App. LEXIS 1056, at *10-11 (2d Cir.

12

Jan. 17, 2024) (considering an issue raised for the first time on appeal because "addressed at length by the district court opinion, the parties' briefs on appeal, and at oral argument.").

Furthermore, to the extent that this Court reverses summary judgment based on the other arguments presented by the HK Parties in this appeal and remands for further proceedings before the bankruptcy court, this Court should decide the standing issue in the interests of judicial economy. *See Palin v. N.Y. Times Co.*, 113 F.4th 245, 275-76 (2d Cir. 2024) ("While it is typically inefficient to address argument not made by the parties," judicial economy is served where "*not* doing so may be more wasteful…." (emphasis in original)). In their answer to the Trustee's Counterclaim, the HK Parties denied the essential elements of the Trustee's cause of action seeking to establish that HK USA is the Debtor's alter ego/veil-piercing, and in particular pursuant to Bankruptcy Code §§ 541 and 544. JA-0243 & 297-99; JA-1042 & 1057-58. The HK Parties also move to dismiss based, in part, on the Trustee's lack of standing to assert an alter ego/veil-piercing cause of action, which the bankruptcy court heard and decided. *HK (USA)*, 2023 Bankr. LEXIS 1024, at *7-26. Deciding the issue now will guide the bankruptcy court and the parties by either: (i) affirming the Trustee's authority to prosecute the alter ego/veil-piercing cause of action; or (ii) precluding its further litigation. Both results will preserve judicial

13

resources to a very significant extent (especially when considering the possibility of further appeals to address the standing issue).

The Trustee's reliance upon Bankruptcy Code § 544(a) to assert an outsider reverse veil-piercing cause of action under Delaware law, Appellee's Br., at 36-37, is misplaced for the reasons set forth in the HK Parties' brief. Appellants' Br., at 32-40. Even in a bankruptcy case relied upon by the Trustee, Appellee's Br., at 39, the bankruptcy court had previously held—prior to considering Bankruptcy Code § 541(a)—that § 544(a) did not confer standing upon a bankruptcy trustee to assert general claims of creditors for many the same reasons as relied upon by the HK Parties. *See Gordon v. Harman (In re Harman)*, 520 B.R. 906, 909-12 (Bankr. N.D. Ga. 2014).

The Trustee now tries to advance the argument correctly rejected by the bankruptcy court below: that the alter ego/veil-piercing cause of action asserted in the Second Counterclaim constitutes property of the bankruptcy estate pursuant to Bankruptcy Code § 541(a). Appellee's Br., at 37-40. The Trustee relies, in large part, upon the Second Circuit's decision in *Stadtmaurer v. Tulis (In re Nordlicht)*, 115 F.4th 90, 104 (2d Cir. 2024). Appellee's Br., at 37-39. Critically here, *Nordlicht* recognized that the New York Court of Appeals had held in *Matter of Morris v. N.Y. State Dept. of Tax'n & Fin.*, 82 N.Y.2d 135, 141, 623 N.E.2d 1157 (1993), that under New York law "an attempt of a third party to pierce the corporate veil does not

14

constitute a cause of action *independent* of that against the corporation." 115 F.4th at 110-11 (emphasis in original). Notwithstanding, *Nordlicht* held that the alter ego/veil piercing theory constitutes a "claim" held by the debtor under New York law and the Bankruptcy Code and constitutes "property of the estate" under Bankruptcy Code § 541(a). *Id*. at 111. Consequently, as property of the estate, the alter ego/veil-piercing claim could be settled by the trustee. *Id*. Since the trustee only sought to settle the claim, the Trustee's standing to also assert the claim as an independent cause of action and any defenses available in response were simply not at issue.

In contrast here, the Trustee relies upon *Nordlicht* to assert an independent alter ego/veil-piercing cause of action. Appellee's Br., at 38; *see also* JA-0243 & 297-99 (Second Counterclaim). The Trustee deceptively argues that "as in *Nordlicht*, the Trustee has standing to pursue his reverse veil-piercing *claims* … under section 541 because those *claims* are property of the estate." Appellee's Br., at 38 (emphasis added). But the Trustee obtained partial summary judgment on the Second Counterclaim, a cause of action alleged against HK USA. So, the Trustee's logic is as follows: even though it is not a cause of action, it is a claim; and since it is a claim, the Trustee must possess standing to assert it as a cause of action. Obviously, this logic fails. *Nordlicht* does not support an independent cause of action held by the Trustee to pierce the corporate veil of HK USA standing in the shoes of the

15

Individual Debtor pursuant to Bankruptcy Code § 541(a), as alleged in the Second Counterclaim.

The fundamental principle ignored by the Trustee is that an alter ego/veil-piercing cause of action constitutes property of the estate pursuant to Bankruptcy Code § 541(a) only if the debtor held such cause of action upon the commencement of the bankruptcy case pursuant to applicable state law. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995); *see also Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991). The Trustee cites *Gordon v. Harman (In re Harman)*, 529 B.R. 352, 357 (Bankr. N.D. Ga. 2015), for the proposition, based on Eleventh Circuit precedent, that a bankruptcy trustee may bring an alter ego action standing in the shoes of the debtor's creditors pursuant to Bankruptcy Code § 541(a). Appellee's Br., at 39. The Eleventh Circuit decision relied upon by the Trustee, *Baillie Lumber Co. v. Thompson*, 391 F.3d 1315, 1321 (11th Cir. 2004), correctly held that:

> Like many courts that have addressed this issue, we hold that in order to bring an exclusive alter ego action under section 541, a bankruptcy trustee's claim should (1) be a general claim that is common to all creditors and (2) *be allowed by state law*.

(Emphasis added). The Eleventh Circuit then analyzed whether Georgia law would allow a corporation to pierce its own veil against a former principal and concluded

16

that the law in Georgia was unclear. *Id*. at 1321-22. Accordingly, the Eleventh Circuit certified the question to the Georgia Supreme Court. *Id*. at 1322.

The Trustee ignores the fundamental principle that state law determines whether the Individual Debtor could have brought an alter ego/veil-piercing cause of action against HK USA (for the Trustee to then step into those shoes pursuant to Bankruptcy Code § 541(a)) because Delaware law has not recognized an insider veil-piercing cause of action. The Trustee has not even attempted to establish that the Individual Debtor (as distinguished from a creditor or the parent corporation of a subsidiary) held the right under Delaware law to pierce the corporate veil of HK USA as of the commencement of this bankruptcy case. Similarly, the district court did not address any of these issues. SA-084-86. The bankruptcy court, however, correctly held that the Trustee could not bring an insider reverse veil-piercing claim under Delaware law standing in the shoes of the Individual Debtor pursuant to Bankruptcy Code § 541(a). *HK (USA)*, 2023 Bankr. LEXIS 1024, at *10-12. *Nordlicht* does not undermine this conclusion because it only upheld a bankruptcy trustee's "claim" (which may be settled), not the legal validity of an independent cause of action under applicable state law (New York).[2]

---

[2] To hold otherwise would conflict with decades of precedent in this circuit holding that a bankruptcy trustee lacks standing generally to sue third parties on behalf of the estate's creditors. *See, e.g., Wagoner*, 944 F.2d 118.

17

The Trustee does not have standing to bring an outsider reverse veil-piercing claim under Bankruptcy Code § 544(a) because that statute does not confer upon the Trustee the rights of Individual Debtor's creditors generally. The Trustee also lacks standing to bring an insider reverse veil-piercing claim under Bankruptcy Code § 541(a) because the Individual Debtor had no such ability under Delaware law.

## CONCLUSION

For the forgoing reasons, this Court should reverse the District Court Order that affirmed the bankruptcy court's summary judgment orders and remand this case back to the bankruptcy court for further proceedings on the First Counterclaim and, as to the Second Counterclaim, with instructions to dismiss it due to the Trustee's lack of standing or, in the alternative, for further proceedings.

Respectfully submitted,

HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC, and MEI GUO

/s/ *Stephen M. Kindseth*
Stephen M. Kindseth, Esq. (Fed. Bar No. ct14640)
James M. Moriarty, Esq. (Fed. Bar. No. ct21876)
Daniel A. Byrd, Esq. (Fed Bar. No. ct31151)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06605
Tel. 203-368-4234
Fax. 203-368-5478
Email: skindseth@zeislaw.com
          jmoriarty@zeislaw.com,
          dbyrd@zeislaw.com

April 24, 2025          Their Attorneys

18

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the type-volume limitation of L.R. 32.1(a)(4)(B) because it contains 4,330 words as counted using Microsoft Word, excluding parts exempted by Fed. R. App. P. 32(f). Further, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) because this brief was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ *Stephen M. Kindseth*
Stephen M. Kindseth, Esq. (Fed. Bar No. ct14640)

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2025, the foregoing was filed with the Clerk of the Court for the United States Court of Appeal for the Second Circuit by using the appellate ACMS system. Participants in the case are registered ACMS users and service will be accomplished by the appellate ACMS system.

/s/ *Stephen M. Kindseth*
Stephen M. Kindseth, Esq. (Fed. Bar No. ct14640)